# NEW YORK SUPERIOR COURT.

## Michael Muller agt. Francis Vettel.

Where it was alleged in the complaint that the defendant carried on a lucrative business as a butcher in Avenue A, in the city of New York, at No. 248, and on the 20th Feb., 1861, executed to the plaintiff a *bill of sale* (copy annexed) for the consideration of $220, the store fixtures and several designated articles of personal propety therein, as a butcher's shop, but without describing where they were, or otherwsse identifying them; and it was also alleged that the defendant, on the 20th Feb., 1861, executed to the plaintiff an *agreement* (copy annexed) whereby the defendant agreed with the plaintiff not to " buy or keep a butcher's shop within six blocks of No. 248 Avenue A, in the city of New York, during the next ten years," averring that by such bill of sale and agreement the defendant intended to and did sell to the plaintiff the *good will and patronage of the business*, and then averred a violation by the defendant of such agreement, by opening a butcher's shop within one block of that kept by the plaintiff; and the defendant admitted in his answer the execution of the bill of sale and the delivery

of the articles mentioned in it, for the sum of $220, and alleged that it expressed all that was intended to be conveyed; that the second instrument was executed after the bill of sale and delivery of the property, and was separate and distinct; that it was without consideration; that no note or memorandum expressing the consideration was in writing, signed by the party to be charged, and that the same was void under the statute,

*Held*, that the stipulation not to keep another butcher's shop was evidently void within the statute of frauds, *if it stood alone;* and that the *bill of sale* was equally ineffectual, as it did not describe the property sold, and would have passed no title had not the property been delivered; but the evidence showed that they were attempts to reduce to writing an *actual oral agreement* between the parties, and that such agreement comprised the sale of the contents of the store kept by the defendant, and the *good will of the stand,* to be protected by the defendant's undertaking for ten years not to interfere with such business by opening another similar shop, in consideration of the sum paid by the plaintiff.

Judgment for the plaintiff, restraining the defendant from violating the agreement in question, and that he recover such damages as he shall be found by a referee to have sustained by past violation.

*New York Special Term, July,* 1862.

THIS action is brought to enforce specific performance of an agreement by the defendant not to carry on the business of a butcher within certain limits of the city of New York.

W. W. NORTHRUP, *for plaintiff.*
C. A. MAY, *for defendant.*

ROBERTSON, Justice. The complaint alleges that the defendant carried on a lucrative business as a butcher in Avenue A, in the city of New York, at No. 248, and on the 20th of February, 1861, he executed to the plaintiff a bill of sale, of which a copy was annexed. That instrument purports, for the sum of $220, to convey to the plaintiff "the store fixtures, two spring scales, two saws, two choppers, six knives, two steels, two ice-boxes, two blocks, one iron kettle, one grindstone, four choppers in basement, two gas burners in shop, and pipes and burners in basement;" but without describing where they were, or otherwise identifying them. The complaint also alleges that the defendant executed to the plaintiff an instrument, a copy whereof is annexed, whereby the defendant

agreed with the plaintiff not to " buy or keep a butcher's shop within six blocks of No. 248 Avenue A, in the city of New York, during the next ten years," which is dated on the 20th of February, 1861. The complaint then proceeds to allege that, in consideration thereof, the plaintiff paid the sum of $220, and took the possession of such goods and chattels, and of the premises No. 248 Avenue A, and expended large sums of money in preparing to carry on the business of a butcher, for which purpose the goods, chattels and premises were sold to him. It avers that by such bill of sale and agreement the defendant intended to and did sell to the plaintiff the good will and patronage of the business carried on upon such premises, and that such instruments were agreed upon and executed cotemporaneously, and are parts of one entire contract; that such goods and chattels were on the said premises used by the defendant in his business, and belong to such premises, and were not worth $20; that the plaintiff would not have purchased such goods or paid the sum of $220, but for the execution of such agreement, and the transfer of the good will and patronage of the said premises, and the understanding that he should not be interfered with in his business. It then avers a violation by the defendant of such agreement, by opening a butcher's shop within one block of that kept by him.

The defendant's answer admits the execution of the bill of sale, and the delivery of the articles mentioned in it, for the sum of $220, and alleges that it expresses all that was intended to be conveyed. He further alleges that the second instrument was executed after the bill of sale and the delivery of the property, and that such agreements were separate and distinct; that said agreement was without consideration; that no note or memorandum expressing the consideration was in writing signed by the party to be charged, and that the same is void under the statute.

At the time of the negotiation for the purchase several persons were present. Two witnesses (Kellin and Winningham) testify that the plaintiff said he paid $220 for the shop and customers. Another witness (Pope) said the defendant said the plaintiff would buy his shop, and he would go to Germany. Another (Hoffman) that the plaintiff said he bought the good will and fixtures. Winningham also said that the papers were read before the money was paid. Hoffman stated that the plaintiff took both the papers after he paid the money. The former also stated that the defendant said he would not start another shop within ten blocks in ten years. Hoffman also stated that the plaintiff said he wanted him to sign a paper not to start another shop, and the defendant said he would. Schenerman, who drew the papers, said nothing was said about the second paper until after the bill of sale and money were delivered.

It appeared in evidence that the defendant hired the store in question by the month, and agreed that he should surrender, and the plaintiff should take possession of it, who did so with the consent of the landlord. It was also proved that the articles enumerated in the bill of sale were not worth more than sixty dollars.

Evidence also was given that the defendant induced another person to start another butcher's shop in the neighborhood of the first, within six blocks, and carry it on for his benefit principally, and that he took away customers from his old stand.

The stipulation not to keep another butcher's shop, recited in the complaint, was evidently void within the statute of frauds if it stood alone ; the bill of sale was equally ineffectual, as it did not describe the property sold, and would have passed no title had not the property been delivered. The real question is whether they were attempts to reduce to writing an actual oral agreement between the parties, and whether such agreement com-

prised the sale of the contents of the store kept by the defendant, and the good will of the stand, to be protected by the defendant's undertaking for ten years not to interfere with such business by opening another similar shop, in consideration of the sum paid by the plaintiff.

It is evident that the defendant expected to get more than the mere chattels sold, because they were worth only a fourth or a fifth of the purchase money, and that the defendant agreed to sell the good will of the business, as he abandoned the possession to the plaintiff; some discussion took place as to the terms before the defendant brought in the person who drew the instrument; and although there is some discrepancy in the testimony as to the order of time in which the bill of sale money and second agreement were delivered, it was at one interview in reference to one transaction, and such instruments were evidently designed to carry out the understanding of the parties as expressed by them at the time. The plaintiff paid the sum of two hundred and twenty dollars more for the abandonment of the defendant of all interference with him in the business than for the chattels delivered; and even if he had not paid anything, but only agreed to pay it, equity would grant him relief if the subject be one of equitable interference at all, notwithstanding the statute of frauds.

In *Martin* agt. *Pycroft*, (2 *De. G. M. and G. Rep.*, 225; *S. C.* 22 *Law J. R.*, *N. S.*, *Chance* 94, 16 *Jun.*, 1125) reversing the decision in the same case in the court below (21 *L. J. R.*, *N. S.*, *Chance*, 448, 16 *Jun.*, 1040) an agreement for a lease at a certain premium verbally promised to be paid by the plaintiff, was decreed to be specifically performed notwithstanding the statute of frauds. Contracts for the sale of good wills (*Bryson* agt. *Whitehead*, 1 *Sim. and Stu. Rep.*, 74) and as restraint of trade (*Kemble* agt. *Kean*, 6 *Sim. Rep.*, 333) have been enforced; and the remedy at law in this case is too uncertain, and the plain-

Muller agt. Vettel.

tiff's damages would rest too much in conjecture, to drive him to such an action, or confine him to such a remedy.

It is true no jury was asked for in this case, and the court has power, if the facts proved warrant it, to award a return of the money paid by him, deducting the value of the benefits derived by the plaintiff from the agreement, but those are difficult to be estimated. More complete justice, therefore, can be done by decreeing a specific performance.

In reference to the infraction by the defendant of his agreement, I am satisfied from the evidence the business recently conducted by him was commenced and continued for his benefit, although he may have received mere wages and no share of the profits, and that it was a substantial violation of his contract not to buy or keep such a shop; if it were not so, such an agreement could easily be evaded. He is in his new place attracting his old customers from the stand he sold, injuring the plaintiff, and benefiting himself. He must, therefore, be restrained by injunction from similar acts.

The plaintiff is also entitled to damages for past injuries under this contract, in order to do complete justice to all parties, as the court has obtained jurisdiction of the whole case, and there must, therefore, be a reference if he desires it, for the purpose of ascertaining such damages.

Judgment, therefore, must be given for the plaintiff, restraining the defendant from violating the agreement in question, and that he recover such damages as he shall be found by a referee to have sustained by past violation. John H. Anthon to be such referee if a reference is had. The form of judgment to be settled.